ALLEN, Judge.
The appellant challenges an administrative order directing him to repay the Department of Health & Rehabilitative Services (the department) for overissuance of food stamps. He contends that the hearing officer imper-missibly relied on hearsay evidence and also erred in failing to consider his financial hardship. Finding merit in both contentions, we reverse.
After the appellant had been receiving food stamps for several years the department notified him that, due to agency error, he had received $2,865 worth of benefits he was not eligible to receive because three parcels of real property he owned in Mississippi had a value of more than $3,000, the maximum amount allowed an applicant for food stamps. The department informed the appellant that he would be required to repay the $2,865.
The appellant requested and received a hearing to determine whether the value of the Mississippi parcels exceeded the $3000 limit, and if so, whether he had to repay the overissuance. The hearing officer thereafter entered a final order in which she found the value of the Mississippi parcels to be $3,108, and concluded that the appellant had been ineligible for food stamps. The hearing officer further determined that “there are no rules or codes to excuse the nonpayment of an overissuance due to financial hardship.”
*383 The hearing officer improperly relied upon hearsay evidence in finding the Mississippi parcels had a value of more than $3,000. To establish the value of the Mississippi property, the department introduced tax receipts for the property into evidence, and a department employee testified as to her telephone conversation with a Mississippi tax assessor/collector who purportedly told her that, for tax purposes, Mississippi assesses property at 15% of “true value.” The hearing officer relied exclusively upon this testimony and the tax receipts in reaching her conclusion that one of the parcels had a $308 value, although the appellant had testified that the parcel was worthless because it was swamp land. Because the testimony of the department employee and the tax receipts were hearsay, the hearing officer erred in placing her reliance exclusively upon this evidence in finding a $308 value for the parcel. In doing so, the hearing officer violated the directive of section 120.58(l)(a), Florida Statutes, that:
Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions.
(Emphasis added.)
The hearing officer also erred in reaching the apparent conclusion that financial hardship will never excuse repayment. Section 409.335, Florida Statutes, entitled Recovery of payments made due to mistake or fraud, provides:
(1) Whenever it becomes apparent that any person or provider has received any benefits under this chapter to which he is not entitled, either through simple mistake or fraud, the department shall take all necessary steps to recover the overpayment, unless it is determined that extreme hardship would result if repayment were forced at that time.
(Emphasis added.) This section is clearly applicable to the appellant’s case, and the hearing officer therefore erred in refusing to consider the appellant’s evidence concerning his financial hardship.
We accordingly set aside the order and remand for further proceedings.
BARFIELD, J., and SHIVERS, Senior Judge, Concur.